**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATHAN RILEY,  <br><br>    Plaintiff,<br><br>    v.<br><br>DAVID GRAINEY, et al.,<br><br>    Defendants | CIVIL ACTION NO. 3:12- CV-2470<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MEHALCHICK) |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Mehalchick's Report and Recommendation ("R & R") (Doc. 25) to Motions to Dismiss filed by Defendants Balestrieri, Capozza, Folino, Grainey, Palya, Smith, and Varner (collectively, "DOC Defendants") (Doc. 14) and Defendant Dr. Byunghak Jin (Doc. 17). The Magistrate Judge recommends that the both motions to dismiss be granted. Plaintiff filed timely objections to the R & R (Doc. 29). Because Plaintiff has failed to state claims upon which relief can be granted, the motions to dismiss will be granted and Plaintiffs claims will be dismissed. Plaintiff will be afforded an opportunity to file and amended complaint with respect to his Americans with Disabilities Act claims against Defendants Palya, Balestrieri, Folino, and Varner in their official capacities.

**I. Background**

On December 11, 2012, Plaintiff Nathan Riley, an inmate at State Correctional Institution at Green (SCI-Green), commenced the instant action, *pro se*, by filing his Complaint (Doc. 1). He alleges violations of his First, Eight, and Fourteenth Amendment rights as well as the Americans with Disabilities Act (ADA) and seeks monetary damages and declaratory and injunctive relief pursuant to 42 U.S.C.§ 1983. *Id.*

The facts alleged in the Complaint (Doc. 1) are set forth in detail in Magistrate Judge Mehalchick's R&R (Doc. 25) and need not be repeated here at length. In short, Plaintiff's

claims arise from his release from administrative segregation in the Restricted Housing Unit (RHU) at SCI-Green back into general population without single-cell Z-Code status. While in the RHU Plaintiff also alleges that he developed carpal tunnel syndrome in his right hand from using a flex-pen, and also that he had sustained an injury to his left hand prior to being transferred to SCI-Green from SCI-Retreat.

## II. The Report and Recommendation

On March 7, 2014, Magistrate Judge Mehalchick issued an R&R recommending that the motions to dismiss be granted and that Plaintiff's claims, apart from his ADA claim against Defendants Palya, Balestrieri, Folino, and Varner in their official capacities, be dismissed with prejudice.

As to Plaintiff's First Amendment Retaliation Claim against Defendants Grainey, Smith, and Capozza, the Magistrate Judge concluded that Plaintiff failed to allege any facts establishing a connection between the "grievances and lawsuits" he filed in exercising his First Amendment rights and the conduct of the these Defendants. (Doc. 25, 11). Moreover, the Magistrate Judge notes that attachments to Plaintiff's Complaint "establish that Defendants did not remove [Plaintiff's] Z-Code status, as it was removed more than ten years before Riley appeared before the Program Review Committee comprised of Defendants Grainey, Smith, and Capozza." (Doc. 25, 12). Because Plaintiff fails to allege facts that could establish that Defendants removed the Z-code status in retaliation, the Magistrate Judge recommends that the Court grant Defendants' motion to dismiss with respect to Plaintiff's First Amendment retaliation claim and dismiss it with prejudice.

As to Plaintiff's procedural due process claims against Defendants Grainey, Smith, and Capozza, the Magistrate Judge noted that prisoners have no constitutionally protected liberty interest in a single cell housing assignment and found that there is no due process violation if a Z-Code status is removed without a hearing. (Doc. 24, 12-13). The Magistrate

Judge concluded that Plaintiff has no Fourteenth Amendment right to be housed in a single cell and his right to due process is not offended by any decision to place him in a cell with another inmate. *Id.* Thus, the Magistrate Judge recommends that Defendants' Motion to Dismiss Plaintiff's procedural due process claim be granted.

With respect to Plaintiff's Eight Amendment Claims alleging deliberate indifference to his medical needs, the Magistrate Judge notes that where a plaintiff receives some level of ongoing medical care, prison supervisors are generally not considered deliberately indifferent because they failed to respond directly to the medical complaints of a prisoner who is being treated by a prison doctor. *Id.* at 16-17. Regarding Plaintiff's Claims against Defendants Jin, Diggs, and Antanovich, the Magistrate Judge concludes that Plaintiff fails to state a claim because he received medical treatment in response to his injury, specifically a cast and physical therapy. *Id.* at 18. Thus the Magistrate Judge recommends that the Court grant Defendant Jin's motion to dismiss. As to Defendants Palya, Balestrieri, Folino, and Varner, the Magistrate Judge concludes that Plaintiff's allegations that they failed to remedy the violation against him regarding his Z-Code status do not state a claim for violation of Plaintiff's Eighth Amendment rights. In addition, the Magistrate Judge notes that Defendants Folino and Varner served in a purely supervisory role with respect to reviewing Plaintiff's grievances and Plaintiff fails to allege facts to support supervisory liability. Thus, the Magistrate Judge recommends that these claims be dismissed with prejudice.

With respect to Plaintiff's equal protection claims against Defendants Palya, Balestrieri, Folino, and Varner, the Magistrate Judge notes that the Complaint does not contain any allegations of personal involvement on the part of any of these Defendants in the decision to revoke Plaintiff's single cell status. *Id.* at 21. Therefore, the Magistrate Judge recommends that Defendants' motion to dismiss with respect to this claim be granted.

As to Plaintiff's claims based on the ADA against Defendants Palya, Balestrieri, Folino, and Varner, the Magistrate Judge concludes that although Plaintiff has alleged that he has a mental health condition, he has not sufficiently alleged that he suffers from a disability that substantially limits one or more of his major life functions and activities. Therefore, the Magistrate Judge recommends that the Court dismiss Plaintiff's ADA claim but that the Plaintiff be afforded the opportunity to amend the Complaint to set forth facts sufficient to assert a prima facie ADA claim against the appropriate prison officials in their official capacities. *Id.* at 24.

### IV. Discussion

**A.   Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D.

Pa. 1998). The Court reviews contested portions of the present R&R *de novo* and uncontested portions for clear error and manifest injustice.

B.     **Legal Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**C.     Plaintiff's Objections to the Report and Recommendation (Doc. 29)**

With respect to his First Amendment retaliation claim, Plaintiff asserts that he alleged a connection between his protected actions and the adverse action taken against him by stating that "defendants Grainey, Smith, and Capozza took these adverse actions because of Plaintiff's continuous pursuit in filing grievances and lawsuits" and that his "administrative segregation confinement was the motivating factor in removing Plaintiff's Z-code single-cell status by the defendants." (Doc. 29, 4). However, as Magistrate Judge Mehalchick points out, numerous responses to Plaintiff's DC-135A "Inmate's Requests to Staff Member" submissions indicate that Plaintiff's Z-Code status was removed in the late 1990s. *See* Doc. 1, 17- 19.

As the Magistrate Judge explains, "[a]s a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Next, " a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials." *Id.* Finally, the plaintiff must prove " a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Id.* Here, since Plaintiff fails to state facts linking the removal of his Z-Code status to the exercise of his constitutional rights, the Court will adopt Magistrate Judge Mehalchick's recommendation that Defendants' motion to dismiss be granted with respect to Plaintiff's First Amendment retaliation claim. Because leave to amend this claim would be futile, it will be dismissed with prejudice.

With respect to his procedural due process claim, Plaintiff points to policy provisions regarding Z-code housing status and argues that he "possesses a liberty interest directly from this policy in that the written mandatory language e.g. shall, provides that Plaintiff be

provided with a notice and staff-hearing for the evaluation of the . . . Z-code single-cell status, before it is removed." (Doc. 29, 5-6).[1]  Plaintiff further states that this policy lacks discretion and the Defendants must follow it.  *Id.* at 6.

As Magistrate Judge Mehalchick explains, "inmates do not have a liberty interest in being single celled," *Rivera v. Rendell*, No. 3-cv-0505, 2013 WL 1339273, at *10 (M.D. Pa. Aprl 1, 2013), and there is no due process violation if a single cell housing status is removed without a hearing.  *See*, *e.g. Carpenter v. Kloptoski*, No. , 2012 WL 911558, at *3 (M.D. Pa. Mar. 16, 2012) ("[Plaintiff], therefore, has no Fourteenth Amendment right to be housed in a single cell and his right to due process is not offended by any decision to place him in a cell with another inmate.")  Because the Plaintiff does not have a Fourteenth Amendment right to be housed in a single cell and his right to due process was not offended when he was housed in a cell with another inmate, the Court will adopt Magistrate Judge Mehalchick's recommendation to grant Defendants' motion to dismiss with respect to Plaintiff's procedural due process claim.

As to his Eighth Amendment claim against Defendants Jin, Diggs, and Antanovich, Plaintiff asserts that his allegations are sufficient to state a claim upon which relief may be granted by claiming that he suffers from carpal tunnel syndrome, he experiences pain because of this, and he has been "left in this condition for over two years."  (Doc. 29, 7). Plaintiff further alleges that these Defendants acted with deliberate indifference "in refusing to relieve and/or treat Plaintiff for over 2 years" for carpal tunnel syndrome.  *Id.*  Plaintiff acknowledges that he was seen by a physical therapist but that this did not relieve the

---

[1]  The quoted portion of Department of Corrections policy 11.2.1 states: "The 'Z' Code housing status is not necessarily a permanent status.  An inmate who is classified with a 'Z' Code shall be reviewed at least annually and at any other staffing to insure the code is still the most appropriate housing classification." (Doc. 29, 5).

8

constant numbness, inability to make a complete fist, and pain. *Id.* at 8. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Plaintiff's claims against Defendants Jin, Diggs, and Antanovich indicate disagreement as to proper medical treatment, but they do not amount to successful claims of deliberate indifference. Therefore, Magistrate Judge Mehlalchick's recommendation that the Court grant Defendant Jin's motion to dismiss will be adopted.

With respect to Plaintiff's Eighth Amendment claim against Defendants Palya, Balestrieri, Folino, and Varner, Plaintiff argues that he has sufficiently alleged personal involvement of each Defendant to withstand a motion to dismiss because he complained to Defendants about his Z-Code single-cell status being arbitrarily removed. Plaintiff further asserts that the Court "should agree that Defendant[s] were subjectively aware of a substantial risk of serious harm to Plaintiff, and acted with deliberate indifference." (Doc. 29, 9-10). Because Plaintiff has failed to allege that any of these Defendants occupied an affirmative role in the alleged misconduct or violations against Defendants Folino and Varner in their supervisory capacities, the Court will adopt Magistrate Judge Mehalchick's recommendation that the motion to dismiss with respect to these claims be granted.

With respect to his Equal Protection claims against Defendants Palya, Balestrieri, Folino, and Varner, Plaintiff asserts that failure to reinstate his Z-Code single-cell status in retaliation is sufficient to state an equal protection claim. Under the equal protection clause of the Fourteenth Amendment, "persons who are similarly situated should be treated in the same manner." *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 423 (3d Cir. 2000)(citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S. Ct.

3249, 87 L. Ed. 2d 313 (1985)).  However, as a preliminary matter, "the first hurdle that plaintiff must clear is the requirement that the named defendants be personally involved in the alleged constitutional deprivation." *Carpenter v. Kloptoski*, No. 08-cv-2233, 2010 WL 891852, at *9 (M.D. Pa. Mar. 10, 2010).  As Magistrate Judge Mehalchick notes, Plaintiff fails to make any allegations of personal involvement on the part of these Defendants, apart from allegations based on their supervisory roles.  Therefore, the Court will adopt the Magistrate Judge's recommendation that Defendants' motion to dismiss be granted with respect to this claim, and that it be dismissed with prejudice as amendment would be futile.

Finally, as to his claims based on the ADA against Defendants Palya, Balestrieri, Folino, and Varner, Plaintiff argues that his claims for damages against Defendants in their individual capacity are appropriate.  Moreover, Plaintiff asserts that he has sufficiently alleged that he suffers from a disability that substantially limits one or more of his major life functions.  As Magistrate Judge Mehalchick correctly indicates, "individual defendants in their individual capacities are not liable under Title II of the ADA because they are not 'public entities' within the meaning of the ADA."  *Glenn v, McGrady*, No. 13-cv-325, 2014 WL 939507, at *4 (M.D. Pa. Mar. 11, 2014).  However, claims against defendants in their official capacities are viable "as the Supreme Court has held that Title II of the ADA 'validly abrogates state sovereign immunity' for 'conduct that actually violates the Fourteenth Amendment.'" *Id.* (citing *United States v. Georgia*, 546 U.S. 151, 159, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006).  Therefore, Magistrate Judge Mehalchick's recommendation with respect to Plaintiff's ADA claims will be adopted.  To the extent that Plaintiff alleges ADA claims against these Defendants in their individual capacities, the claims will be dismissed with prejudice.  To the extent that Plaintiff alleges ADA claims against these Defendants in their official capacities, his claims will be dismissed without prejudice, and he will have an opportunity to amend his Complaint to allege that the disability he suffers from limits one

or more of his major life activities.

### V. Conclusion

For the above stated reasons, Magistrate Judge Mehalchick's R&R (Doc. 25) will be adopted. Defendants' motions to dismiss will be granted. All claims apart from Plaintiff's ADA claims against Defendants Palya, Balestrieri, Folino, and Varner in their official capacities will be dismissed with prejudice. Plaintiff's ADA claims against Defendants Palya, Balestrieri, Folino, and Varner in their official capacities will be dismissed without prejudice. Plaintiff will be afforded an opportunity to file an amended complaint as set forth herein within twenty-one (21) days.

An appropriate order follows.

May 20, 2014  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge