UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN RILEY,

        Plaintiff

v.

DAVID GRAINEY, et al.,

        Defendants

CIVIL ACTION NO. 3:12-CV-02470

(CAPUTO, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

This matter comes before the Court by the District Court's Order dated July 9, 2015, rejecting the Court's Report and Recommendation and directing the Court to reconsider Defendants' motion to dismiss in light of Plaintiff's subsequent filing of a brief in opposition (Doc. 55) to Defendants' motion to dismiss. Having reviewed the motion papers in accordance with the District Court's Order, it is recommended that Defendants' motion (Doc. 41), be granted.[1]

**I. FACTUAL BACKGROUND**

This is a *pro se* prisoner civil rights action, initiated upon the filing of the original complaint in this matter on December 11, 2012, to redress injuries allegedly sustained by Plaintiff Nathan Riley as a result of denying Riley a "Z-Code" housing restriction in violation

---

[1] Following the District Court's rejection of the undersigned Magistrate Judge's Report and Recommendation, Plaintiff filed a motion for leave to obtain discovery material. (Doc. 57). However, as the recommendation to grant Defendants' motion to dismiss remains unchanged, it will be further recommended that Plaintiff's motion (Doc. 57) be denied as moot.

of the First, Eighth, and Fourteenth Amendments, as well as the Americans with Disabilities Act ("ADA"). (Doc. 1). On May 20, 2014, the Court dismissed Plaintiff's complaint, but permitted Riley to amend his complaint only with respect to his ADA claims against Defendants Palya, Balestrieri, Folino, and Varner in their official capacities. (Doc. 35). Riley alleges in his amended complaint that on December 16, 2010, he was released from administrative segregation at Greene State Correctional Institution into the general population and was placed in a double cell, despite his objections that he be housed in a single cell. He alleges that before being placed into administrative segregation, he was provided with a Z-code, single-cell housing designation. Specifically, he claims that he suffers from "pre-existing physical and psychological disability," caused by an unstable upbringing, which has resulted in altercations with cellmates due to his inability to "think and interact with people" and his "increasing agitation and paranoia." (Doc. 40, at 2). As such, he alleges that Defendants violated the ADA by refusing to reinstate his Z-code, single-cell housing restriction as an accommodation for his post-traumatic stress disorder and anti-social personality disorder.

On September 10, 2014, Defendants filed a motion to dismiss (Doc. 41), together with a brief in support of their motion (Doc. 42). On March 9, 2015, this Court issued an Order directing Riley to file a brief in opposition to Defendants' motion to dismiss by April 9, 2015. (Doc. 51). Riley did not file a brief in opposition; thus, the Court deemed Defendants' motion to dismiss as unopposed and entered a Report and Recommendation granting Defendants' motion to dismiss. (Doc. 52). Riley subsequently filed an objection to this Court's Report and Recommendation, whereby he submitted that he had timely delivered a brief in opposition to Defendants' motion to dismiss to prison officials to be placed in the mail for processing. (Doc.

53). On the basis of that representation, the District Court granted Riley an additional thirty (30) days to re-file his brief in opposition. (Doc. 54). A brief in opposition was filed on July 1, 2015. (Doc. 55). Having been fully briefed, this matter is now ripe for disposition.

## II. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit, discussing the evolving standards governing pleading practice in federal court, has stated in relevant part:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION[2]

To establish a violation of Title II of the Americans with Disabilities Act, an inmate must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded

---

[2] Defendants also seek dismissal of Riley's claims on the basis that Defendants Folino and Varner lack the requisite personal involvement to sustain a § 1983 action. However, this Court need not address this argument in order to resolve Defendants' motion to dismiss.

from participating in, or denied the benefit of, a public entity's services, programs, or activities; and that (3) such exclusion, denial of benefits, or discrimination was by reason of disability. *See* 42 U.S.C. § 12132; *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 550 (3d Cir. 2007).

Here, Riley has arguably alleged that his post-traumatic stress disorder substantially limits his ability to engage in a major life activity; namely, to think and interact with others. *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 307 (3d Cir. 1999) ("We accept that thinking is a major life activity."). However, Riley has failed to adequately plead that he was denied the benefit of a specific prison service, program, or activity as a result of Defendant's failure to accommodate him with a single cell. While Riley argues in his brief in opposition that a "Z code is a 'service,' 'program,' or 'activity' as contemplated by the ADA," and references the Z Program Code Policy, it nonetheless appears that his only criticism is that he was not given the medical accommodation he requested—a single cell. *See Iseley v. Beard*, 200 Fed. Appx. 137, 142 (3d Cir. 2006) (finding that plaintiff had not claimed that he was excluded from any program on the basis of his disability but rather alleged "that he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions.")(citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[I]ncarceration, which requires the provision of a place to sleep, is not a 'program' or 'activity.' Sleeping in one's cell is not a 'program' or 'activity'")). Indeed, Riley has merely challenged a prison's medical decision that he does not require a single cell, which does not implicate the ADA. *Thomas v. Pa. Dep't of Corr.*, 615 F.Supp.2d 411, 429 (W.D.Pa.2009) (holding that plaintiff's requests for a handicap cell that were denied based on a medical determination that they were not warranted did not support discriminatory treatment in violation of Title II of the ADA); *Redding v. Hanlon,* No. 06–4575 (DWF/RLE), 2008 WL

762078, at *16 (D.Minn. March 19, 2008) (dismissing inmate's ADA claim where the plaintiff alleged that the defendants had denied him the single cell accommodation ordered by his doctor, not that he had been denied access to any service or program).

Nevertheless, even if Riley has sufficiently alleged denial of a service, program, or activity, in refusing to reinstate Riley's Z code housing status, Riley has failed to allege that he was prevented from participating in or benefitting from such a service, program, or activity *on the basis* of his disability. While Riley's amended complaint contains the assertion that he "is being discriminated against by [D]efendants Palya, Balestrieri, Folino and Varner, as a result of [his] disability," it does not contain facts which would support an inference that he was denied a single cell *because of* his disability. In fact, the request slip attached as an exhibit to Plaintiff's complaint actually belies the argument that he was denied a single cell due to his disability, as the exhibit notes that Riley received a Z code status based on his age and that the Z code status was removed in 1997, prior to his transfer to SCI-Greene. (Doc. 1, at 20).Consequently, "[a]n inmate's failure to allege facts showing that the exclusion or denial of benefits was 'by reason of his disability' warrants dismissal upon a defendant's Rule 12(b)(6) motion." *Desalis v. Pennsylvania Dep't of Corr.*, No. CIV.A. 12-611, 2013 WL 2458346, at *2 (E.D. Pa. June 6, 2013). Accordingly, it is recommended that Riley's ADA claim against Defendants Palya, Balestrieri, Folino and Varner be dismissed for failure to state a claim.

IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 41) be **GRANTED** and the amended complaint (Doc. 40) be **DISMISSED** for failure to state a claim;

2. It is further recommended that Plaintiff's motion for leave to obtain discovery material (Doc. 57), filed on July 21, 2015, be **DENIED AS MOOT**;

3. The Clerk be directed to **CLOSE** this case.

                                **BY THE COURT:**

**Dated: July 24, 2015**                     *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN RILEY,<br><br>    Plaintiff<br><br>v.<br><br>DAVID GRAINEY, et al.,<br><br>    Defendants | CIVIL ACTION NO. 3:12-CV-02470<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 24, 2015**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 24, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**